UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'    JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-08443-CAS(PJWx) | Date | February 29, 2016 |
| Title | MARY DUFFY PETERSON, ET AL. V. THOMAS GATTO, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Evan Marshall | Andrew Azarmi<br>Laura Geist<br>Thomas Gatto, Pro Se | |

**Proceedings:**    PLAINTIFFS' MOTION TO REMAND (dkt. 14, filed December 14, 2015)

DEFENDANT'S MOTION TO DISMISS AND/OR ENJOIN PLAINTIFFS' FIRST AMENDED COMPLAINT (dkt. 19, filed January 11, 2016)

## I. INTRODUCTION

On December 5, 2014, plaintiffs Mary Duffy Petersen and Maureen Duffy Lewis, as Trustees of the Peter T. Tubiolo Revocable Trust Dated 12-29-00; and Mary Duffy Petersen, Maureen Duffy Lewis, Sheila Duffy Lehrman, and James Duffy, individually and as successors-in-interest, heirs, and personal representatives of Peter C. Tubiolo, deceased, and as beneficiaries of the Peter T. Tubiolo Revocable Trust Dated 12-29-00 (collectively, "plaintiffs" or "the Tubiolo plaintiffs"), filed the instant action in the Los Angeles County Superior Court. See Mary Duffy Petersen, et al. v. Thomas Gatto, et al., No. BC 565847 (Cal. Super. Ct. Filed Dec. 5, 2014). The operative first amended complaint ("FAC") in this action was filed on September 23, 2015, and names as defendants American Equity Investment Life Insurance Company ("American Equity"), along with defendants Thomas Gatto, individually; Thomas Gatto & Associates, LLC; Joseph Cina, individually; and Joseph Cina Financial Freedom Senior Funding Corp.[1]

---

[1] American Equity was first added as a defendant in this action in the first amended complaint. See FAC. The Court also notes that because all defendants in the state court action other than American Equity are California citizens (like plaintiffs), complete

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-08443-CAS(PJWx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | MARY DUFFY PETERSON, ET AL. V. THOMAS GATTO, ET AL. | | |

On October 28, 2015, defendant American Equity removed this action, asserting federal jurisdiction under the All Writs Act, 28 U.S.C. § 1691, and, alternatively, pursuant to the federal Anti-Injunction Act, 28 U.S.C. § 2283. Dkt. 1. Defendant American Equity contends that this case is related to In re American Equity Annuity Practices and Sales Litigation, Case No. 2:05-cv-06735-CAS-MAN (C.D. Cal.) (the "McCormick class action"), a class action suit in which American Equity also was defendant. Dkt. 2 (Notice of Related Case).[2] According to American Equity, the Tubiolo plaintiffs were class members in the McCormick class action and, pursuant to a release provision in the McCormick final settlement, "are unequivocally barred by the final judgment approving the class action settlement." Opp'n at 1.

On December 14, 2015, plaintiffs filed a motion to remand the case to the Los Angeles County Superior Court. Dkt. 14. On January 11, 2016, defendant American Equity filed an opposition to the motion to remand. Dkt. 17. On January 25, 2016, plaintiffs filed a reply to defendant's opposition. Dkt. 21.

On January 11, 2016, defendant American Equity filed a motion to dismiss and/or enjoin plaintiffs' complaint. Dkt. 19. On February 19, 2016, plaintiffs filed an opposition to defendant's motion to dismiss and/or enjoin this action. Dkt. 23. On February 236, 2016, American Equity filed a reply. Dkt. 24.

---

diversity does not exist.

[2] On January 29, 2014, this Court entered a final order approving a class settlement agreement in the "McCormick class action." See Bernard McCormick v. American Equity Investment Life Insurance Company, et al., Case No. 2:05-cv-06735-CAS-MAN (C.D. Cal.), at Dkt. 251 ("Final Order"). On January 30, 2014, the Court entered Final Judgment, which includes a provision "permanently bar[ring] and enjoin[ing]" class members from filing or pursuing claims arising out of certain enumerated "Released Claims." Id., at Dkt. 252 ("Final Judgment"). An additional provision of the Final Judgment "[e]xpressly retains exclusive jurisdiction [in this Court] as to all matters relating to the . . . enforcement and interpretation of the Settlement Agreement and of th[e] Final Judgment," including the entry of additional orders as necessary to effectuate the judgment. See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'    JS-6

| Case No. | 2:15-cv-08443-CAS(PJWx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | MARY DUFFY PETERSON, ET AL. V. THOMAS GATTO, ET AL. | | |

The Court heard oral argument on February 29, 2016. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

The Tubiolo FAC alleges the following facts:

On December 29, 2000, Peter C. Tubiolo ("Tubiolo" or "decedent") established a revocable inter vivos trust. Tubiolo FAC at ¶ 8. Defendant Thomas Gatto ("Gatto") and his LLC served as Tubiolo's financial advisor, managing Tubiolo's personal assets as well as those of the trust. Id. at ¶ 14. In or around 2007, Gatto convinced Tubiolo to take out a reverse mortgage on his home. Id. at ¶ 15. The following year, at Gatto's inducement and when Tubiolo was 86 years old, approximately $200,000 of the reverse mortgage proceeds were used to purchase a "Bonus Gold Equity Indexed Deferred Annuity" from defendant American Equity. Id. at ¶¶ 11, 16. According to the pleadings, Gatto and his LLC "were at all times acting as agents for American Equity." Id. at ¶ 16.

The FAC further alleges that defendants "knew or should have known that [Tubiolo's] decision making was adversely affected by his advanced age, and that the circumstances surrounding the source of funds used for the annuities made the purchase highly suspect . . . ." Id. at ¶ 17. Specifically, defendants were aware that although the Trust owned the annuities, the beneficiary of the annuity was Tubiolo's "much younger maid, Mercedes Mejia." Id. at ¶ 17. Defendants also allegedly knew that Tubiolo had taken a reverse mortgage on his wholly-owned primary residence in order to fund the purchase of the annuities, which "should have served as a prominent red-flag that the purchase should not be approved or completed under the circumstances." Id. at ¶ 31. In addition, defendants "omitted the true facts regarding the suitability of the subject annuities for a 'super senior' " like Tubiolo. Id. at ¶ 36. Specifically, defendants, failed to advise Tubiolo and plaintiffs that mortgaging a wholly-owned property "in order to purchase largely illiquid financial instruments with a long-term horizon was grossly unsuitable." Id. On December 2, 2010, Tubiolo passed away. Id. at ¶ 4.

Based upon the foregoing allegations, the Tubiolo FAC asserts statutory claims under (1) California's elder abuse statute, Welfare and Institutions Code §§ 15600, et seq. and (2) California's unfair competition law, Business and Professions Code §§ 17200, et

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-08443-CAS(PJWx) | Date | February 29, 2016 |
| Title | MARY DUFFY PETERSON, ET AL. V. THOMAS GATTO, ET AL. | | |

seq., as well as common law claims for (3) breach of fiduciary duty, (4) negligence, (5) negligent misrepresentation, and (6) fraud.

## III.  LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, *1 (C.D. Cal. Feb.11, 2011) (explaining the two types of jurisdiction). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

## IV.  DISCUSSION

In its notice of removal, American Equity asserts that this court has "original federal jurisdiction under the 'All Writs Act,' 28 USC § 1651, and alternatively under the federal Anti-Injunction Act, 28 U.S.C. § 2283." Dkt. 1 (Notice of Removal), at 2. More specifically, American Equity argues as follows:

> This Court has subject matter jurisdiction over this case because this Court expressly retained jurisdiction to enforce the terms of the Final Judgment [in the McCormick class action] and its injunction. The Final Judgment provides that the Court has "exclusive" and "continuing jurisdiction" over all matters relating to its enforcement, including the power to enter orders "necessary or appropriate to protect or effectuate this Final Judgment." The Court thus has authority to enjoin further prosecution of the [Tubiolo] FAC under the relitigation exception to the Anti-Injunction Act, which allows federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-08443-CAS(PJWx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | MARY DUFFY PETERSON, ET AL. V. THOMAS GATTO, ET AL. | | |

> courts to enjoin state court proceedings where necessary to "protect or effectuate" their judgments. American Equity removed the FAC and promptly sought transfer to allow the Court the opportunity to enforce the terms of its Final Judgment.

Opp'n at 1.

However, as plaintiffs rightfully argue, neither the All Writs Act nor the Anti-Injunction Act confer jurisdiction on this court, nor does either act provide authority for removal of the state court action in the first instance. See generally Motion. In Syngenta Crop Prot., Inc. v. Henson, the Supreme Court was similarly faced with the question of whether "some combination of the All Writs Act and the doctrine of ancillary enforcement jurisdiction [e.g., over enforcement of a settlement agreement] support the removal" of a state court tort suit that purportedly was released by a class action settlement. 537 U.S. 28, 33 (2002). In a unanimous opinion, the Court explained that "[28 U.S.C. section 1441] requires that a federal court have original jurisdiction over an action in order for it to be removed from a state court. The All Writs Act, alone or in combination with the existence of ancillary jurisdiction in a federal court, is not a substitute for that requirement." Id. at 34. Here, as in Syngenta, defendant American Equity "fail[s] to explain how [this Court's] retention of jurisdiction over the [McCormick class action] settlement authorized removal of the [Tubiolo] action. Removal is governed by statute, and invocation of ancillary jurisdiction, like invocation of the All Writs Act, does not dispense with the need for compliance with statutory requirements." Id.

Of course, "[o]ne in [American Equity's] position may apply to the court that approved a settlement for an injunction requiring dismissal of a rival action," or "could also have sought a determination from the [California] state court that respondent's action was barred by [this Court's final] judgment" in the McCormick class action. Id. at 34 n *. Indeed, in a separate motion to enforce the final judgment in the McCormick class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'    JS-6

| Case No. | 2:15-cv-08443-CAS(PJWx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | MARY DUFFY PETERSON, ET AL. V. THOMAS GATTO, ET AL. | | |

action, American Equity *has* in fact sought to enjoin the continued pursuit of the Tubiolo action. See Case No. 2:05-cv-06735-CAS-MAN (C.D. Cal.), at Dkt. 275.[3]

## V.    CONCLUSION

In accordance with the foregoing, plaintiffs' motion to remand the case to the Los Angeles County Superior Court is hereby **GRANTED**, and further prosecution of that action is hereby **ENJOINED**, for reasons set forth in the Court's order entered on February 29, 2016 in the McCormick class action, Case No. 2:05-cv-06735-CAS-MAN (C.D. Cal.).

Defendant's motion to dismiss is accordingly **DENIED AS MOOT**.

IT IS SO ORDERED.

|  | 00 | : | 08 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[3] In a separate order, the Court granted American Equity's motion to enjoin the Tubiolo action. See Case No. 2:05-cv-06735-CAS-MAN (C.D. Cal.).